PROVOST v. REBMAN, *et al.*

1. **Mortgage**: CORRECTION OF MISTAKE: REDEMPTION: The correction of a mistake in a mortgage after foreclosure in such manner as to make it embrace property, not described in the original mortgage revives the right of the mortgagor to redeem : *Aliter* when an agreement was made between the parties that the decree should be entered with stay of execution, after which it was agreed that the plaintiff should take the property in satisfaction of his debt and costs and receive a title by a sale under the decree, the parties at the time not knowing that any mistake had occurred, and the agreement being made with reference to the entire property as described in the corrected mortgage.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 12.

THIS action was brought by the plaintiff to reform a mortgage made to him by the defendant Rebman, and which had been foreclosed by suit in equity, and sale under the decree to the plaintiff. The petition in this case avers that the defendant Rebman, and plaintiff, agreed and intended that the mortgage should be of a certain brick block in Dubuque, and the land on which it

stood; which land was the south forty feet of lot number two hundred and sixty-seven, and the north two and one-half feet of lot number two hundred and sixty-six. That by mistake the mortgage only covered the south forty feet of lot number two hundred and sixty-seven, while the brick block was situated on and covered that description, and also the north two and a half feet of lot number two hundred and sixty-six.

The defendant Rebman, in his answer, which is also made a cross-petition, admitted the mistake as alleged by the plaintiff; and averred that the plaintiff had been in possession of the property since the purchase by him under the foreclosure sale, and had received the rents and profits; that the interest on the mortgage debt had been paid up to near the time of the foreclosure sale; and that he was still the owner of lot number two hundred and sixty-six and in possession of it, except the two and a half feet covered by the brick block. The defendant prayed that the mortgage be reformed; that an account be taken and that defendant be allowed to redeem upon paying the amount due the plaintiff on the mortgage debt which he offered to pay.

The plaintiff, by amendment of his petition, sets up that at the time of the foreclosure judgment, it was agreed that execution should be stayed for three years; that afterward defendant Rebman sold the mortgaged property, as intended to be embraced in the mortgage, to the plaintiff for the amount of the judgment, and it was agreed that for the purpose of perfecting the title in the plaintiff, the promises should be sold under the foreclosure judgment, and be bought in by the plaintiff at the amount of the debt, interest and costs; and it was so done. This is denied by defendant Rebman. One Bradley is made defendant as a junior mortgagee of lot two hundred and sixty-six. He denies the allegations of

plaintiff's petition. The District Court dismissed the petition and cross petition, and both parties appeal.

*D. E. Lyon* for the plaintiff.

*Allison, Crane & Rood* for the defendant.

COLE, J.—This action is, brought by the plaintiff to correct a mistake in the mortgage made by the defendant

1. MORTGAGE: correction of mistake; redemption.

to him, and to perfect his title to the mortgaged property. So far as the fact of mistake is concerned, the defendant admits it, and by his answer, which is made a cross petition, asks to have the mortgage reformed or corrected. There can, then, be no doubt or controversy as to the right of the plaintiff to have the mortgage reformed by correcting the mistake in the description of the mortgaged property, as claimed by the plaintiff and admitted by the defendant.

The next question is as to the right of the plaintiff to have the title perfected in him, to the property described in the mortgage as corrected. This right is controverted by the defendant on the ground that the mortgage as corrected has not been foreclosed, and hence there is in him, as the mortgagor, a right of redemption, which has not been barred or cut off.

If the rights of the parties rested alone on the decree of foreclosure, it might be conceded that the defendant's right of redemption, by reason of reforming the mortgage, should still exist. *Hollster* v. *Dillon et al.*, 4 Ohio State, 197; *Davenport* v. *Sovil*, 6 Id., 459; *Blodgett* v. *Hobart et al.*, 18 Vt., 414; *Calkins* v. *Calkins*, 3 Barb. S. C., 306; *Calkins* v. *Isbell*, 20 N. Y., 148. And this right of redemption might arise and exist on the ground that by reforming the mortgage so as to make it include property not before described in it, is,

in effect, *creating* a mortgage as to such property at least; and to hold that the prior decree of foreclosure barred the right of redemption, would be to *create* a mortgage and *cut off* the equity of redemption at a single stroke. This a court of equity would not do.

But in this case the proof is quite satisfactory that the decree of foreclosure was entered upon the agreement of the parties, and with a stipulation giving to the defendant three years' stay of execution; and that shortly thereafter .it was agreed between the parties thereto that the plaintiff should take the property in satisfaction of his debt, interest and costs; and that to perfect the title in him it should be sold under the decree. The defendant waived the stay, an execution was issued and the property was sold to the plaintiff thereunder at the amount agreed, and the defendant surrendered possession to the plaintiff accordingly.

This transfer to and perfection of the legal title in the plaintiff, was accomplished pursuant to the contract and agreement of the parties, although the instrumentalities of the execution, levy and sale were resorted to as the means whereby to effectuate that agreement, and it will be borne in mind also, that according to the admission of the pleadings, both parties supposed all the time that they were contracting about, and that the mortgage included the property specified in it as it is sought to be reformed.

If the defendant had conveyed the property to the plaintiff by deed, but had therein made the same mistake as in the mortgage, no one could question the right of the plaintiff to have the same corrected. So, also, if the title had been held by a trustee, who had, with like mistake, conveyed on direction from the defendant. The fact that the defendant used the officers and process of the law to attain the same result, does not affect the rights of the parties or change their liabilities. It follows, therefore,

that the plaintiff has the right to have the title to the mortgaged property, as reformed, perfected in him.

The judgment of the District Court, on the appeal of the plaintiff is reversed, on the appeal of defendant Rebman, is affirmed without prejudice, as to the rights of defendant Bradley in any regard.

Reversed.