McKissick v. The Mill Owners' Mutual Fire Ins. Co.

---

McKISSICK v. THE MILL OWNERS' MUTUAL FIRE INS. CO.

1. **Insurance**: ALIENATION OF PROPERTY.  A policy of insurance stipulated that if the property should become alienated the policy would be void, unless assigned by consent of the president and secretary to the alienee.  The property was sold under a decree of foreclosure—the mortgage, however, incorrectly describing the property.  The year for redemption expired, but prior to that time an action was instituted to correct the mistake, which resulted in a decree therefor: *Held*, that the policy became void for non-compliance with the condition respecting alienation.

2. ———: MORTGAGE.  The mortgagee did not have the right to redeem after the decree correcting the description had been rendered.

*Appeal from Fremont Circuit Court.*

TUESDAY, DECEMBER 10.

ACTION on a policy of insurance upon a flouring mill, against loss by fire or lightning, to the amount of two thousand dollars, issued to J. P. McKissick; the loss, if any, to be paid to his wife, the plaintiff in this action.  There was a judgment for plaintiff.  Defendant appeals.  The facts of the case, involved in the question of law ruled by the court, appear in the opinion.

*G. H. Crosby* and *Barcroft, Given & Drabelle,* for appellant.

*C. H. & W. S. Wynn,* for appellee.

BECK, J.—I.  The defendant, a mutual insurance company, issued the policy sued upon in this case on the 26th day of De-

McKissick v. The Mill Owners' Mutual Fire Ins. Co.

cember, 1876. The conditions and requirements of the articles of incorporation and by-laws of defendant were incorporated into the contract of the policy by the express terms of that instrument and of the application of insurance. They appeared upon the back of the policy. The articles of incorporation contain the following among other conditions: "When the property insured shall become alienated the policy thereon shall become void unless assigned by the consent of the president and secretary to the alienee."

1. INSURANCE: alienation of property.

The answer of the defendant sets up a breach of this condition of the policy, averring that the title of the property was alienated by operation of law, and there was no assignment of the policy to the alienee. An issue was joined upon this defense. The undisputed facts upon this branch of the case are as follows:

The insured purchased an undivided one-half of the mill November 20, 1875. It was situated upon lots 1 and 16, block 4, railroad addition to the town of Hamburg. He assumed to discharge certain incumbrances upon the property as payment of the consideration of the purchase; among them, a mortgage executed by his grantor and his co-tenant, made prior to the purchase, to secure the payment of three thousand nine hundred and sixty dollars and fifty cents.

This mortgage described the lots upon which the mill was situated, as being in *Phelps'* addition instead of the railroad addition. There was a decree of foreclosure rendered May 9, 1876, directing the sale of the property under the description contained in the mortgage, and the mill was duly sold by that description, June 24, 1876, for four thousand eight hundred and sixty-three dollars, subject to redemption in one year under the statute. On the 21st day of September, 1876, a proceeding was commenced to correct the misdescription of the property in the mortgage and the foreclosure proceedings; McKissick, the insured, being made a party. A proper decree was entered, making the correction, on the 4th day of October, 1877. A deed for the property, correctly describing it, was

subsequently executed.    On the 29th day of August, 1877, the mill was burned.

The time for redemption under the sale upon the foreclosure of the mortgage had expired at the time of the destruction of the mill by fire.    The court instructed the jury that "the evidence does not show such an alienation of the property at the time of the loss as to defeat a recovery."

The insured, as we have said, was made a party to the proceedings to correct the description of the property, and the relief asked was that the correction be made, and a deed be issued on the sheriff's certificate correctly describing the property, and that McKissick's interest be subject to the foreclosure and sale.    He did not in the court below, and does not in this court, claim that he holds any other than the statutory right of redemption.

In view of his appearance to the action to correct the mistake in the mortgage proceeding, and to authorize the execution of a deed upon the sale, we think if he had any right of redemption other than that based upon the statute, and existing by reason of his not having been made a party to the original foreclosure action, he waived it by not setting it up in his answer made before the loss.    His rights are the same as though he had been made a party in the original foreclosure case.    This the counsel for plaintiff directly admit in argument.

But it is insisted by counsel that McKissick's right of redemption was not cut off by the sale, within the time prescribed by the statute, for the reason that, on account of the incorrect description, the mill was not covered by the mortgage, decree, sale, etc.    Just here is their mistake.    The parties, in all their transactions—in the mortgage and in the agreement of McKissick to pay it, and the court in the decree, and the sheriff in the sale—all acted upon and with regard to the property in question.    It was covered by the mortgage, the decree and the sale, as between the parties interested and McKissick.    It was the property contemplated by all, and was

in fact affected by the transactions. Because this is true the decree correcting the error was rendered. The property having been actually sold upon the decree, and the time of redemption having expired, McKissick had no right to redeem—the alienation was complete. See *Strong v. Manufacturers' Ins. Co.*, 10 Pick., 40; *Clark v. New England Ins. Co.*, 6 Cush., 342. This was before the destruction of the mill. He had no interest in it and suffered no loss. The policy, upon the alienation, became void according to its express terms.

II. Counsel for plaintiff insist that upon the correction of the mortgage, decree and sale McKissick has a right to redeem under the statute for the reason that the property affected thereby was not the same that was covered by the mortgage; that is, the mortgage and decree, as reformed, included property not described in the instrument as executed. They rely upon *Provost v. Rebman*, 21 Iowa, 419. Conceding, for the present, the rule of this decision to be as claimed by counsel, the case before us is not within it for these reasons: The proceeding to correct the mortgage, decree and sale sought to subject McKissick's rights thereto and cut off redemption by him. He interposed no claim that he had the right to redeem on account of the error, or because he was not made a party to the original foreclosure proceeding. The claim now made by counsel was not made by him. It surely cannot be made by others after he has abandoned it. But the facts of *Provost v. Rebman* distinguish it from the case before us. In that case the reformation of the mortgage was for the purpose of subjecting property not attempted to be described at all. The property in question in the case before us was incorrectly described. In that case it was said that equity would not create a mortgage and cut off the equity of redemption at a single stroke. In this case the property is covered by the mortgage, by an erroneous description, which was corrected by the supplemental proceedings. The original decree cut off the equity of

2. ——— : mortgage.

redemption, and the expiration of time cut off the redemption under the statute.

We reach the conclusion that the instruction given to the jury, above quoted, was erroneous, as the property had been alienated before its destruction by fire.

Other questions discussed by counsel need not be considered, as the conclusion we reach makes a final disposition of the case.

REVERSED.